**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_Southern_ _____     District of New York
                                              (State)

Case number *(if known)*: _____     Chapter __11__

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy        04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **21st Century Oncology Holdings, Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Radiation Therapy Services Holdings, Inc.** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **26-1747745** |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **2270 Colonial Blvd.** | |
| Number        Street | Number        Street |
| | P.O. Box |
| **Fort Myers, FL 33907** | |
| City                    State     Zip Code | City                    State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Lee County, Florida** | |
| County | Number        Street |
| | City                    State     Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.21co.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor    21st Century Oncology Holdings, Inc.    Case number *(if known)* _____
        Name

---

**7. Describe debtor's business**

A. *Check One:*

☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**6214**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

  District _____ When _____ Case number _____
                     MM/DD/YYYY

  District _____ When _____ Case number _____
                     MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

  Debtor  **See Rider 1**    Relationship  **Affiliate**

  District  **Southern District of New York**    When

                                            **5/25/2017**

  Case number, if known _____    MM / DD / YYYY

---

| Debtor | 21st Century Oncology Holdings, Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | Number | Street |
|---|---|---|
| | | |

| | City | State | Zip Code |
|---|---|---|---|
| | | | |

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

[1] The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

| Debtor | 21st Century Oncology Holdings, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**16. Estimated liabilities**

☐ $0-$50,000          ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000    ☐ $10,000,001-$50 million       ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000   ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million ☐ $100,000,001-$500 million     ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___5/25/2017___
　　　　　　　MM/ DD / YYYY

✗ ___/s/ Paul Rundell___                    **Paul Rundell**
Signature of authorized representative of debtor    Printed name

Title **Interim Chief Executive Officer**

**18. Signature of attorney**

✗ ___/s/Christopher Marcus___        Date ___5/25/2017___
Signature of attorney for debtor              MM/ DD/YYYY

**Christopher Marcus, P.C.**
Printed name

**Kirkland and Ellis LLP**
Firm name

**601 Lexington Avenue**
Number              Street

**New York**                        **New York**   **10022**
City                             State        ZIP Code

**(212)-446-4800**                   christopher.marcus@kirkland.com
Contact phone                       Email address

**3014701**                **New York**
Bar number                State

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____    Southern    District of New York
_____                (State)

Case number *(if
known):*    _____    Chapter    11

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of 21st Century Oncology Holdings, Inc.

- 21C East Florida, LLC
- 21st Century of Florida Acquisition, LLC
- 21st Century Oncology Holdings, Inc.
- 21st Century Oncology Management Services, Inc.
- 21st Century Oncology of Alabama, LLC
- 21st Century Oncology of Harford County, Maryland, LLC
- 21st Century Oncology of Jacksonville, LLC
- 21st Century Oncology of Kentucky, LLC
- 21st Century Oncology of New Jersey, Inc.
- 21st Century Oncology of Pennsylvania, Inc.
- 21st Century Oncology of Prince Georges County, Maryland, LLC
- 21st Century Oncology of South Carolina, LLC
- 21st Century Oncology of Washington, LLC
- 21st Century Oncology Services, LLC
- 21st Century Oncology, Inc.
- 21st Century Oncology, LLC
- AHLC, LLC
- American Consolidated Technologies, L.L.C.
- Arizona Radiation Therapy Management Services, Inc.
- Asheville CC, LLC
- Associates In Radiation Oncology Services, LLC
- Atlantic Urology Clinics, LLC
- Aurora Technology Development, LLC
- Berlin Radiation Therapy Treatment Center, LLC
- Boynton Beach Radiation Oncology, L.L.C.
- California Radiation Therapy Management Services, Inc.
- Carepoint Health Solutions, LLC
- Carolina Radiation and Cancer Treatment Center, LLC
- Carolina Regional Cancer Center, LLC
- Derm-Rad Investment Company, LLC
- Devoto Construction of Southwest Florida, Inc.
- Financial Services of Southwest Florida, LLC

Debtor
Name _____    Case Number *(if known)*_____

- Fountain Valley & Anaheim Radiation Oncology Centers, Inc.
- Gettysburg Radiation, LLC
- Goldsboro Radiation Therapy Services, LLC
- Jacksonville Radiation Therapy Services, LLC
- Maryland Radiation Therapy Management Services, LLC
- Medical Developers, LLC
- MD International Investments, LLC
- Michigan Radiation Therapy Management Services, Inc.
- Nevada Radiation Therapy Management Services, Incorporated
- New England Radiation Therapy Management Services, Inc.
- New York  Radiation  Therapy Management Services, LLC
- North Carolina Radiation Therapy Management Services, LLC
- OnCure Holdings, Inc.
- OnCure Medical Corp.
- Palms West Radiation Therapy, L.L.C.
- Phoenix Management Company,  LLC
- Radiation Therapy School For Radiation Therapy Technology, Inc.
- Radiation Therapy Services International, Inc.
- RVCC, LLC
- Sampson Accelerator, LLC
- Sampson Simulator, LLC
- SFRO Holdings, LLC
- South Florida Medicine, LLC
- South Florida Radiation Oncology, LLC
- Treasure Coast Medicine, LLC
- U.S. Cancer Care, Inc.
- USCC Florida Acquisition, LLC
- West Virginia Radiation Therapy Services, Inc.

**Fill in this information to identify the case:**

Debtor name _____21st Century Oncology Holdings, Inc., et al._____

United States Bankruptcy Court for the: ___Southern___ District of _New York_
(State)

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                    12/15

**A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Senior Notes Trustee (Wilmington Trust) 246 Goose Lane, Suite 105 Guilford, CT 06437-2186 | Attn: Joseph P. O'Donnell F: 203-453-1183 E:jodonnell@wilmingtontrust.com | Unsecured Notes | | | | $368,177,173.00 |
| 2 | Dr. Ben Han 2783 Pillsbury Way Wellington, FL 33414 | c/o Ravi Patel F: 630-214-9881 | Unsecured Notes | | | | $7,871,701.15 |
| 3 | Dr. Kishore Dass 2783 Pillsbury Way Wellington, FL 33414 | c/o Ravi Patel F: 630-214-9881 | Unsecured Notes | | | | $3,998,324.40 |
| 4 | Seema Dass 2783 Pillsbury Way Wellington, FL 33414 | c/o Ravi Patel F: 630-214-9881 | Unsecured Notes | | | | $3,873,376.76 |
| 5 | Cancer Treatment Services International 1876 E Sabin Drive, Suite 10 Casa Grande, AZ 85122 | Attn: Dr. Michael Stanek & Dr. Ajay Bhatnager T: 520-836-9800 F: 520-836-1510 E:casagrande@cancertreatmentservices.com | Breach of Contract | | | | $3,534,995.00 |
| 6 | Florida Oncology Partners, LLC Note 2400 Research Blvd., Suite 325 Rockville, MD 20850 | Attn: Alan Gold F: 786-439-3673 | Unsecured Notes | | | | $2,470,419.59 |
| 7 | Mckesson Specialty Care Distribution 15212 Collection Drive Chicago, IL 60693 | Attn: Director or Officer T: 415-983-8300 F: 800-878-7343 E:CorporateSecretary@McKesson.com | Trade Debt | | | | $1,770,586.57 |
| 8 | Rajiv Patel 2783 Pillsbury Way Wellington, FL 33414 | c/o Ravi Patel F: 630-214-9881 | Unsecured Notes | | | | $1,749,266.92 |
| 9 | Seaside National Bank & Trust Notes (Treasure Coast) 201 South Orange Avenue, Suite 1350 Orlando, FL 32801 | Attn: President T: 407-567-2222 F: 407-567-2220 E: nbagby@seasidebank.com | Unsecured Notes | | | | $1,476,199.00 |
| 10 | Besse Medical Supply 1576 Solutions Ctr Chicago, IL 60677-1005 | Attn: Director or Officer T: 800-543-2111 F: 800-543-8695 E: customercare@besse.com | Trade Debt | | | | $1,056,796.21 |

Debtor ____ 21ˢᵗ Century Oncology Holdings, Inc., et al. _____    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | FTI Consulting, Inc. 1001 17th Street Suite 1100 Denver, CO 80202 | Attn Carl Jenkins, Managing Director T: 303-689-8800 F:303-689-8803 E: carl.jenkins@fticonsulting.com | Professional Services | | | | $826,402.25 |
| 12 | Elekta Inc 400 Perimeter Center Terrace, Suite 50 Atlanta, GA 30346 | Attn: Richard Hausmann, President T: 770-300-9725 F: 770-448-6338 E:richard.hausmann@elekta.com | Trade Debt | | | | $525,057.12 |
| 13 | Pitt County Memorial Hospital Inc Medical Staff Fund Vidant Medical Center 2100 Stantonsburg Road Greenville, NC 27835-6028 | Attn: Director or Officer T: 252-847-4100 F: 252-847-5147 | Trade Debt | | | | $474,781.95 |
| 14 | Cardinal Health Medical Products & Services 14265 Collections Center Drive Chicago, IL 60693 | Attn: Dave Ellis, VP T: 916-213-4660 F: 614-652-8472 E: dave.ellis@cardinalhealth.com | Trade Debt | | | | $439,040.82 |
| 15 | Accuray Inc. 1310 Chesapeake Terrace Sunnyvale, CA 94089 | Attn: Kelly J. Londy, Executive VP and CFO T: 888-522-3740 F: 408-716-4601 | Trade Debt | | | | $406,501.03 |
| 16 | Healthcare Support Staffing Inc 101 Southhall Lane, Suite 100 Maitland, FL 32751 | Attn: Dean Dipaolo, CFO T: 888-219-6285 F: 844-929-9974 E: dean@healthcaresupport.com | Trade Debt | | | | $359,556.54 |
| 17 | Mckesson Medical Surgical Inc One Post Street San Francisco, CA 94104 | Attn: James Beer, Executive VP and CFO T: 415-983-8300 F: 804-264-7679; 800-261-5432 E:CorporateSecretary@McKesson.com | Trade Debt | | | | $306,245.82 |
| 18 | BC Technical Inc CT Support Center 6209 Gheens Mill Rd Jeffersonville, IN 47130 | Attn: Randall Jackson, CFO T: 801-280-2900 F: 801-280-3900 | Trade Debt | | | | $279,776.59 |
| 19 | Siemens Medical Solutions Inc 40 Liberty Boulevard Malven, PA 19355 | Attn: Ann Custin, CFO T: 610-448-4500 F: 610-448-2554 | Trade Debt | | | | $236,360.84 |
| 20 | Medical Group Insurance Services Inc 10 West Broadway, Suite 800 Salt Lake City, UT 84101 | Attn: Jeff Brunken, President T: 801-990-2400 F: 800-497-8249 E: info@mgis.com | Trade Debt | | | | $165,706.36 |
| 21 | Office Depot Inc 6600 North Military Trail Boca Raton, FL 33496 | Attn: Stephen E. Hare T: 800-463-3768 F: 800-685-5010 E:Karen.Denning@officedepot.com | Trade Debt | | | | $158,283.06 |
| 22 | Nuance Communications Inc 1 Wayside Road Burlington, MA 01803 | Attn: Dan Tempesta, Executive VP T: 781-565-5000 F: 781-565-5001 | Trade Debt | | | | $132,492.05 |
| 23 | United Healthcare Insurance Company 22703 Network Place Chicago, IL 60673-1227 | Attn: John Rex, Executive VP and CFO T: 312-803-5900 F: 860-702-8870 | Trade Debt | | | | $123,934.18 |
| 24 | Radiation Therapy Alliance 1425 K Street, NW Suite 650 Washington, DC 20005 | Attn: Andrew Woods T: 202-827-6494 E:awoods@libertypartnersgroup.com | Trade Debt | | | | $115,000.00 |
| 25 | Soliant Physician Staffing LLC 1979 Lakeside Parkway, Suite 800 Atlanta, GA 30084 | Attn: Director or Officer T: 800-849-5502 F: 770-908-2203 E: info@soliant.com | Trade Debt | | | | $112,721.76 |

Debtor _____ 21st Century Oncology Holdings, Inc., et al. _____    Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | Granite Telecommunications LLC 100 Newport Avenue Extension Quincy, MA 02171 | Attn: Director or Officer T: 617-933-5500 F: 617-328-0312 | Trade Debt | | | | $106,779.38 |
| 27 | Scio Management Solutions LLC 3830 Bee Ridge Rd, Suite 301 Sarasota, FL 34233 | Attn: Josh Marks, VP Business Development F: 941-371-1221 E: jmarks@scioms.com | Trade Debt | | | | $92,456.23 |
| 28 | Windstream Communications 4001 Rodney Parham Road Little Rock, AR 72212 | Attn: Anthony Thomas, President T: 800-347-1991 F: 501-748-6392 | Trade Debt | | | | $86,532.11 |
| 29 | Varian Medical Systems Inc 70140 Network Place Chicago, IL 60673-1701 | Attn: Gary E. Bischoping, Jr., CFO T: 650-493-4000 F: 204-987-8772 | Trade Debt | | | | $85,491.42 |
| 30 | East Carolina University Ecu Borody School of Medicine Ecup Contracts Office 600 Moye Blvd Brody 2N-72 Mail Stop 647 Greenville, NC 27834 | Attn: Director or Officer T: 252-744-2149 F: 252-744-0488 E: ome@ecu.edu | Trade Debt | | | | $82,410.52 |
| 31 | Mcdermott Will & Emery LLP 444 West Lake Street Chicago, IL 60606-0029 | Attn: Richard Bardahl T: 312-372-2000 F: 312-984-7700 E: rbardahl@mwe.com; cculver@mwe.com | Trade Debt | | | | $73,432.67 |
| 32 | Stratus Technologies Ireland Ltd Lockbox 28478 Network Place Chicago, IL 60673-1284 | Attn: Greg Paden F: 44-0-20-8917-0444 E: greg.paden@stratus.com | Trade Debt | | | | $70,927.75 |
| 33 | Landauer Medical Physics 2 Science Road Glenwood, IL 60425 | Attn: Michael R. Kennedy, President T: 708-755-7000 F: 708-755-7016 E: info@LandauerMP.com | Trade Debt | | | | $68,718.88 |
| 34 | German Ramirez 502 Palm Street, Ste 1 West Palm Beach, FL 33401 | | Trade Debt | | | | $64,391.97 |
| 35 | Navicure Inc 2055 Sugarloaf Circle Suite 600 Duluth, GA 30097 | Attn: Craig Bridge, CFO T: 770-342-0200 F: 770-476-9332 | Trade Debt | | | | $63,001.90 |
| 36 | Laborie Medical Tech Corp 400 Avenue D, Suite 10 Williston, VT 05495 | Attn: Brian Ellacott, President And CEO F: 802-878-1122 E: usmarketing@laborie.com | Trade Debt | | | | $59,269.78 |
| 37 | Stellar Medical LLC 10970 S Cleveland Ave, Ste 403 Fort Myers, FL 33907 | Attn: Milton Larrea T: 239-274-0160 F: 239-274-0159 | Trade Debt | | | | $59,249.80 |
| 38 | Jewish Hospital & St. Mary's Healthcare 539 South 4th Street Louisville, KY 40202 | Attn: Rebecca Kistler, Accounting Mgr T: 502-587-4011 F: 502-561-0001 | Trade Debt | | | | $57,362.00 |
| 39 | Civco Radiotherapy 2303 Jones Blvd., Suite B Coralville, IA 52241 | Attn: Ron Vaske, VP Finance T: 800-842-8688 F: 319-248-4049 E: order@civcort.com | Trade Debt | | | | $50,795.85 |
| 40 | Grainger Inc 100 Grainger Parkway Dept 823243035 Lake Forest, IL 60045 | Attn: Ronald L. Jadin, Sr VP And CFO T: 800-472-4643 F: 937-642-2461 | Trade Debt | | | | $49,297.61 |
| 41 | Moodys Investors Service Inc 250 Greenwich Street 7 World Trade Center New York, NY 10007 | Attn: Robert Scott Fauber, President T: 212-553-1653 F: 212-553-0973 | Trade Debt | | | | $45,000.00 |

Debtor ___ 21st Century Oncology Holdings, Inc., et al. ___    Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 42 | Urologix 14405 21st Avenue North, Suite 110 Minneapolis, MN 55447 | Attn: Bryon Merade, CEO T: 888-229-0772 F: 763-404-8118 E:customerservice@urologix.com | Trade Debt | | | $43,420.00 |
| 43 | Palm Beach Urology Associates, PA 3347 State Rd 7, Ste 101 Wellington, FL 33449 | Attn: Nadya Prieto T: 562-790-2111 ext- 108 F: 562-790-0348 E:nprieto@palmbeachurology.com | Trade Debt | | | $41,927.76 |
| 44 | Healthcare Underwriters Group Inc 1250 S Pine Island Rd, Ste 300 Plantation, FL 33324 | Attn: Thomas Mueller F: 866-923-0019 E: claims@hugroupinc.com; huw@hugroupinc.com. | Trade Debt | | | $41,650.00 |
| 45 | Insight Direct Inc 6820 South Harl Avenue Tempe, AZ 85283 | Attn: Glynis Bryan, CFO T: 480-889-9500 F: 480-333-3330 E: ach@insight.com | Trade Debt | | | $38,341.65 |
| 46 | Newco Cancer Services LLC Other Accounts Receivable 600 Moye Blvd Greenville, NC 27834 | Attn: Director or Officer T: 252-744-1888 F: 252-744-3844 | Trade Debt | | | $37,932.72 |
| 47 | Advanced Radiation Therapy LLC One Industrial Way Tyngsboro, MA 01879 | Attn: Ray Bricault, COO & CFO F: 978-649-0077 E: Legal@accuboost.com | Trade Debt | | | $34,580.00 |
| 48 | The CSI Companies Inc 7650 W Courtney Campbell Causeway Ste 220 Tampa, FL 33607 | Attn: Jun Onimaru, CFO T: 904-338-9515 F: 904-338-9520 | Trade Debt | | | $33,736.00 |
| 49 | GE Healthcare 500 W Monroe Street Chicago, IL 60661 | Attn: Director or Officer F: 877 295 8102 | Trade Debt | | | $33,654.05 |
| 50 | The Negotiators LLC 1070 E Indiantown Rd, Ste 206 Jupiter, FL 33477 | Attn: William Fread, COO T: 877-612-3871 F: 561-909-2115 E: wfread@sunshinembs.com | Trade Debt | | | $33,507.18 |

Fill in this information to identify the case and this filing:

Debtor Name: 21st Century Oncology Holdings, Inc., *et. al.*

United States Bankruptcy Court for the:            Southern District of New York
                                                                              (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐  Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 5/25/2017 | ☒ /s/ Paul Rundell |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Paul Rundell** |
| | Printed name |
| | **Interim Chief Executive Officer** |
| | Position or relationship to debtor |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 21ST CENTURY ONCOLOGY HOLDINGS, INC., | ) | Case No. 17- _____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| 21st Century Oncology Holdings, Inc. | 21st Century Oncology Investments, LLC f/k/a Radiation Therapy Investments, LLC | 2270 Colonial Blvd. Fort Myers, FL 33907 | 100% |

---

[2]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

| Fill in this information to identify the case and this filing: |
| --- |
| Debtor Name: 21st Century Oncology Holdings, Inc. |
| United States Bankruptcy Court for the:　　　　　Southern District of New York |
| 　　　　　　　　　　　　　　　　　　　　　　　(State) |
| Case number (If known): |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors　　　12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐　*Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐　*Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐　*Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐　*Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐　*Schedule H: Codebtors (Official Form 206H)*

☐　*Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐　Amended Schedule

☐　*Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒　Other document that requires a declaration＿＿＿＿＿＿　List of Equity Security Holders　＿＿＿＿＿＿＿＿

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 5/25/2017 | ☒ /s/ Paul Rundell |
| --- | --- |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Paul Rundell** |
| | Printed name |
| | **Interim Chief Executive Officer** |
| | Position or relationship to debtor |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 21ST CENTURY ONCOLOGY HOLDINGS, INC., | ) | Case No. 17-_____(____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| 21st Century Oncology Investments, LLC f/k/a Radiation Therapy Investments, LLC | 100% |

Fill in this information to identify the case and this filing:

Debtor Name: 21st Century Oncology Holdings, Inc.

United States Bankruptcy Court for the:          Southern District of New York
(State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____ Corporate Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 5/25/2017 | ☒ /s/ Paul Rundell |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Paul Rundell** |
| | Printed name |
| | **Interim Chief Executive Officer** |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## OMNIBUS WRITTEN CONSENT

## MAY 25, 2017

Effective as of the date written above, the members of the board of directors, members of the board of managers, individual managers, sole managers and sole members (collectively, the "Board"), as applicable, of the corporations and limited liability companies listed on the attachments hereto (each, a "Company" and collectively, the "Companies") hereby take the following actions and adopt the following resolutions by written consent pursuant to each of such Company's bylaws or limited liability company agreement, as applicable, and the applicable laws of the jurisdiction in which such Company is organized:

### Chapter 11 Filing

WHEREAS, the respective Board of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to them and the effect of the foregoing on such Company's business; and

WHEREAS, the respective Board of each Company has consulted with the management and the financial and legal advisors of such Company and fully considered each of the strategic alternatives available to such Company.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to file or cause to be filed voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**RESOLVED**, that Paul Rundell, in his capacity as Interim Chief Executive Officer of each Company, Douglas Staut, in his capacity as Interim Chief Financial Officer of each Company, and Blake Howard, in his capacity as Treasurer of each Company (each an "Authorized Officer" and together the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that he deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

### Restructuring Support Agreement

**RESOLVED**, that in the judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to to enter into that certain restructuring support agreement (the "Restructuring Support Agreement") by and among

the Companies, certain of its affiliates, certain consenting creditors, and certain consenting parties substantially in the form presented to the Board on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to enter into, on behalf of each Company, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance such Company's rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute the Restructuring Support Agreement on behalf of each Company and to take all necessary actions in furtherance of consummation of such agreement's terms.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm Millstein & Co. ("Millstein") as investment banker and financial advisor to, among other things, assist each Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by its Board, creditors, or other third parties, in each case, as requested by such Company, evaluating such Company's capital structure, responding to issues related to such Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Company's assets; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Millstein.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm Alvarez & Marsal North America, LLC ("A&M") as restructuring advisor to, among other things, assist each Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by its Board, creditors, or other third parties, in each case as requested by such Company, evaluating such Company's capital structure, responding to issues related to such Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Company's assets; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and

2

directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC ("KCC") as notice and claims agent and administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of KCC.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of each such case.

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

**RESOLVED**, that in the judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to obtain senior secured superpriority postpetition financing (the "DIP Financing") on the terms and conditions of the proposed debtor in possession financing agreement (the "DIP Credit Agreement") between the applicable Borrower, the Guarantors, the financial institutions from time to time party thereto as lenders (the "DIP Lenders"), the administrative agent and collateral agent (in such capacities, the "DIP Agent"), and other agents and entities from time to time party thereto substantially in the form presented to the Board on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**RESOLVED**, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

(a) that certain Amended and Restated Credit and Guaranty Agreement, dated as of March 6, 2017 (as amended, supplemented, amended and restated or otherwise modified from time to time, the "MDL Credit Agreement"), and in effect immediately prior to [May 21, 2017] (the "Petition Date"), among Debtor Medical Developers, LLC ("MDL"), as borrower, certain of its subsidiaries and affiliates as guarantors, Wilmington Savings Fund Society, FSB as administrative and collateral agent and the lenders from time to time party thereto; and

(b) that certain Credit Agreement, dated as of April 30, 2015 (as amended, restated, and supplemented from time to time, the "First Lien Credit Agreement"), and in effect immediately prior to the Petition Date, among 21st Century Oncology, Inc., 21st Century Oncology Holdings, Inc., the lenders party thereto from time to time, Morgan Stanley Senior Funding, Inc. as administrative agent, collateral agent, issuing bank, and swingline lender (the "First Lien Agent"), and the other agents and arrangers named therein.  The First Lien Credit Agreement provides for credit facilities consisting of a term loan facility (the "First Lien Term Loan") and a revolving loan facility (the "First Lien Revolver").

**RESOLVED**, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim DIP order substantially in the form presented to the Board on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof, (the "Interim DIP Order") to be submitted for approval to the Bankruptcy Court.

**RESOLVED**, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each Authorized Officer be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Company is or will be a party, including, but not limited to any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof presented to the respective Board of each Company on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officers's execution and delivery thereof.

**RESOLVED**, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "Adequate Protection Transactions").

4

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed, and empowered in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions as in his reasonable discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each Company that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the Interim DIP Order.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of appropriate fees and expenses payable in connection with the Adequate Protection Transactions and appropriate fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his sole judgment be necessary, proper, or advisable to perform any of such Company's obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**General**

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon each Authorized Officer, each Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's (or his designees' or delegates')

5

judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED**, that the respective Board of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice.

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the respective Board of each Company.

**RESOLVED**, that each Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

This Consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same Consent.

* * * * * * * * * * * * *

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

/s/ William R. Spalding
William R. Spalding


/s/ James Elrod, Jr.
James Elrod, Jr.


/s/ Robert Rosner
Robert Rosner


/s/ Christian Hensley
Christian Hensley


/s/ Robert Miller
Robert Miller


**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON ATTACHMENT A**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_/s/ William R. Spalding_
William R. Spalding


_/s/ James Elrod, Jr._
James Elrod, Jr.


_/s/ Robert Rosner_
Robert Rosner


**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OR BOARD OF MANAGERS OF EACH COMPANY LISTED ON ATTACHMENT B**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

*/s/ William R. Spalding*
William R. Spalding

*/s/ James Elrod, Jr.*
James Elrod, Jr.

*/s/ Robert Rosner*
Robert Rosner

*/s/ Robert Miller*
Robert Miller

**BEING ALL OF THE MANAGERS OF EACH COMPANY LISTED ON <u>ATTACHMENT C</u>**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

21ST CENTURY ONCOLOGY, INC.

*/s/ Paul Rundell*
_____
Name:  Paul Rundell
Title:    Interim Chief Executive Officer

**BEING THE MANAGING MEMBER OF EACH COMPANY LISTED ON <u>ATTACHMENT D</u>**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

21ST CENTURY ONCOLOGY, LLC

*/s/ Paul Rundell*
Name:  Paul Rundell
Title:   Interim Chief Executive Officer

**BEING THE MANAGER OF THE COMPANY LISTED ON <u>ATTACHMENT E</u>**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

MARYLAND RADIATION THERAPY MANAGEMENT SERVICES, LLC

*/s/ Paul Rundell*
Name:  Paul Rundell
Title:    Interim Chief Executive Officer


**BEING THE SOLE MEMBER OR MANAGER OF THE COMPANIES LISTED ON <u>ATTACHMENT F</u>**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

MICHIGAN RADIATION THERAPY MANAGEMENT SERVICES, INC.

*/s/ Paul Rundell*
Name: Paul Rundell
Title:   Interim Chief Executive Officer

**BEING THE SOLE MEMBER OF EACH COMPANY LISTED ON <u>ATTACHMENT G</u>**

**IN WITNESS WHEREOF**, the undersigned has executed this consent as of the date first written above.

21ST CENTURY ONCOLOGY OF PENNSYLVANIA, INC.

*/s/ Paul Rundell*

Name: Paul Rundell

Title:   Interim Chief Executive Officer

**BEING THE SOLE MEMBER OF THE COMPANY LISTED ON <u>ATTACHMENT H</u>**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

SFRO HOLDINGS, LLC

*/s/ Paul Rundell*
_____
Name: Paul Rundell
Title:   Interim Chief Executive Officer

**BEING THE SOLE MEMBER OF EACH COMPANY LISTED ON <u>ATTACHMENT I</u>**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

*/s/ Blake Howard*
Blake Howard

*/s/ Ravi Patel*
Ravi Patel

**BEING ALL OF THE MANAGERS OF EACH COMPANY LISTED ON <u>ATTACHMENT J</u>**

## Attachment A

Board Members: William Spalding; James Elrod, Jr.; Robert Rosner;
Christian Hensley; Robert Miller

| COMPANY | JURISDICTION |
|---|---|
| 21st Century Oncology, Inc. | Florida |
| 21st Century Oncology Holdings, Inc. | Delaware |

**Attachment B**

Board Members/Managers: William Spalding; James Elrod, Jr.; Robert Rosner

| **COMPANY** | **JURISDICTION** |
|---|---|
| 21C East Florida, LLC | Delaware |
| 21st Century of Florida Acquisition, LLC | Delaware |
| 21st Century Oncology Management Services, Inc. | Florida |
| 21st Century Oncology of Alabama, LLC | Alabama |
| 21st Century Oncology of Harford County, Maryland LLC | Maryland |
| 21st Century Oncology of Jacksonville, LLC | Florida |
| 21st Century Oncology of Kentucky, LLC | Kentucky |
| 21st Century Oncology of New Jersey, Inc. | New Jersey |
| 21st Century Oncology of Pennsylvania, Inc. | Pennsylvania |
| 21st Century Oncology of South Carolina, LLC | South Carolina |
| 21st Century Oncology of Washington, LLC | Washington |
| 21st Century Oncology Services, LLC | Delaware |
| AHLC, LLC | North Carolina |
| Arizona Radiation Therapy Management Services, Inc. | Arizona |
| Asheville CC, LLC | Delaware |
| Atlantic Urology Clinics, LLC | South Carolina |
| Aurora Technology Development, LLC | Delaware |
| California Radiation Therapy Management Services, Inc. | California |
| Carepoint Health Solutions, LLC | Delaware |
| Carolina Radiation and Cancer Treatment Center, LLC | North Carolina |
| Carolina Regional Cancer Center, LLC | South Carolina |
| Devoto Construction of Southwest Florida, Inc. | Florida |
| Fountain Valley & Anaheim Radiation Oncology Centers, Inc. | California |
| Goldsboro Radiation Therapy Services, LLC | North Carolina |
| Jacksonville Radiation Therapy Services, LLC | Florida |
| Maryland Radiation Therapy Management Services, LLC | Maryland |
| MD International Investments, LLC | Delaware |
| Medical Developers, LLC | Florida |
| Michigan Radiation Therapy Management Services, Inc. | Michigan |
| Nevada Radiation Therapy Management Services, Incorporated | Nevada |
| New England Radiation Therapy Management Services, Inc. | Massachusetts |
| New York Radiation Therapy Management Services, LLC | New York |
| North Carolina Radiation Therapy Management Services, LLC | North Carolina |
| Oncure Holdings, Inc. | Delaware |
| Oncure Medical Corp. | Delaware |
| Radiation Therapy School For Radiation Therapy Technology, Inc. | Florida |
| Radiation Therapy Services International, Inc. | Florida |
| RVCC, LLC | North Carolina |
| Sampson Accelerator, LLC | North Carolina |
| Sampson Simulator, LLC | North Carolina |

| **COMPANY** | **JURISDICTION** |
|---|---|
| SFRO Holdings, LLC | Florida |
| U.S. Cancer Care, Inc. | Delaware |
| USCC Florida Acquisition, LLC | Delaware |
| West Virginia Radiation Therapy Services, Inc. | West Virginia |

**Attachment C**

Board Members: William Spalding; James Elrod, Jr.; Robert Rosner, Robert Miller

| COMPANY | JURISDICTION |
|---|---|
| 21st Century Oncology, LLC | Florida |

**Attachment D**

Member Manager: 21st Century Oncology, Inc.

| COMPANY | JURISDICTION |
|---|---|
| Derm-Rad Investment Company, LLC | Florida |
| Financial Services of Southwest Florida, LLC | Florida |

**Attachment E**

Manager: 21st Century Oncology, LLC

| COMPANY | JURISDICTION |
|---|---|
| South Florida Medicine, LLC | Florida |

**Attachment F**

Manager: Maryland Radiation Therapy Management Services, LLC

| COMPANY | JURISDICTION |
|---|---|
| 21st Century Oncology of Prince Georges County, Maryland, LLC | Maryland |
| Berlin Radiation Therapy Treatment Center, LLC | Maryland |

**Attachment G**

Manager: Michigan Radiation Therapy Management Services, Inc.

| COMPANY | JURISDICTION |
|---|---|
| American Consolidated Technologies, L.L.C. | Michigan |
| Phoenix Management Company, LLC | Michigan |

## **Attachment H**

Manager: 21st Century Oncology of Pennsylvania, Inc.

| **COMPANY** | **JURISDICTION** |
|---|---|
| Gettysburg Radiation, LLC | Pennsylvania |

## Attachment I

Managing Member: SFRO Holdings, LLC

| COMPANY | JURISDICTION |
| --- | --- |
| Associates in Radiation Oncology Services, LLC | Florida |
| Boynton Beach Radiation Oncology, L.L.C | Florida |
| South Florida Radiation Oncology, LLC | Florida |
| Treasure Coast Medicine, LLC | Florida |

## **Attachment J**

Board of Manager Member/Member: Blake Howard and Ravi Patel

| **COMPANY** | **JURISDICTION** |
|---|---|
| Palms West Radiation Therapy, L.L.C. | Florida |