UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 17-22770 (RDD) |
| 21st Century Oncology Holdings, Inc., *et al.* | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Related to Docket Nos. 205, 311, 312** |

**OBJECTION OF CIGNA ENTITIES TO DISCLOSURE STATEMENT FOR THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF 21st CENTURY ONCOLOGY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES**

Cigna Health and Life Insurance Company, Cigna HealthCare of South Carolina, Inc., Cigna HealthCare of Arizona, Inc., Cigna HealthCare of New Jersey, Inc., and Cigna HealthCare of Florida, Inc. (collectively, "Cigna") hereby object to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of 21st Century Oncology Holdings, Inc. and Its Debtor Affiliates* [D.I. 311] ("Disclosure Statement"), and in support thereof, respectfully state as follows:

## BACKGROUND

1. On May 25, 2017, the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2. Cigna and Debtors are parties to the following contracts, including all amendments, exhibits, addendums, tables, supplements and rate information thereto (collectively, "Cigna Provider Agreements"), pursuant to which Debtors, through the healthcare facilities that they operate, provide covered healthcare services to eligible participants within the Cigna Provider Network:

- Provider Group Services Agreement effective May 15, 2014, between Cigna HealthCare of South Carolina, Inc. and debtor Carolina Regional Cancer Center, LLC;

- <u>Provider Group Services Agreement</u> effective August 1, 2002, between Cigna Health and Life Insurance Company and debtor Berlin Radiation Therapy Treatment Center, LLC;
- <u>Provider Group Services Agreement</u> effective May 15, 2014, between Cigna HealthCare of South Carolina, Inc. and debtor Atlantic Urology Clinics, LLC;
- <u>Provider Group Services Agreement</u> effective January 1, 2011, between Cigna HealthCare of Arizona, Inc. and debtor Arizona Radiation Therapy Management Services, Inc.;
- <u>Provider Group Services Agreement</u> effective January 15, 2008, between Cigna HealthCare of New Jersey, Inc. and debtor 21st Century Oncology of New Jersey, Inc.;
- <u>Physician Group Services Agreement</u> effective September 1, 2006, between Cigna Health and Life Insurance Company and debtor 21st Century Oncology of Harford County Maryland, LLC;
- <u>Physician Group Services Agreement</u> effective October, 2009, between Cigna Health and Life Insurance Company and debtor 21st Century Oncology of Alabama, LLC;
- <u>Participating Physician Agreement</u> effective June 23, 1997, between Cigna Health and Life Insurance Company and debtor Goldsboro Radiation Therapy Services, LLC; and
- <u>Provider Group Services Agreement</u> effective January 1, 2015, between Cigna HealthCare of Florida, Inc. and debtor 21st Century Oncology, LLC.

3. The Cigna Provider Agreements can be terminated without cause only upon sixty (60) days' advance written notice.[1] The Cigna Provider Agreements have neither been assumed nor rejected, and Debtors have provided no written notice of their intent to terminate any of the Cigna Provider Agreements.

4. Cigna timely filed valid proofs of claim ("Proofs of Claim") asserting existing and ongoing obligations due and owing from Debtors to Cigna under the Cigna Provider Agreements.

5. On July 14, 2017, the Debtors filed their *Joint Chapter 11 Plan of Reorganization of 21st Century Oncology Holdings, Inc. and Its Debtor Affiliates* [D.I. 205] ("Plan"). On August 13, 2017, the Debtors filed the Disclosure Statement and *Debtors' Motion for Entry of an*

---

[1] The Goldsboro Participating Physician Agreement requires ninety (90) days' notice.

2

*Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Proposed Joint Plan of Reorganization, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Approving the Rights Offering Procedures and Related Materials, (V) Scheduling Certain Dates With Respect Thereto, and (VI) Granting Related Relief* [D.I. 312] seeking approval thereof.

6. Under the Plan, all executory contracts of the Debtors that are not assumed will be rejected as of the Effective Date of the Plan ("Effective Date"). The cure amount due for all contracts to be assumed under the Plan "shall be zero dollars," unless otherwise indicated in a Cure Notice to be served within 14 days of the hearing to consider approval of the Plan.

7. Under the Plan, General unsecured creditors with claims under $1,000,000 are to receive a *pro rata* distribution of the "Convenience Claim Distribution." However, the Disclosure Statement fails to place any value on creditors' *pro rata* share of the Convenience Claim Distribution.

8. Cigna objects to the Disclosure Statement.

## **OBJECTION**

9. Section 1125(b) of the Bankruptcy Code requires that a disclosure statement contain "adequate information." 11 U.S.C. § 1125(b). The term adequate information is that which would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the Plan. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314, 321 (3d Cir. 2003). "One court has said that the disclosure statement must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its

3

distribution." 7 COLLIER ON BANKRUPTCY ¶11 25.02 [i] (citing *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991)). The Disclosure Statement fails to meet this requirement.

I.  Inadequate Notice of Assumption or Rejection Under Plan

10. To the extent that the Plan proposes to reject the Cigna Provider Agreements as of an unknown Effective Date, Cigna objects absent sixty (60) days' advance, irrevocable, written notice.

11. Any rejection of the Cigna Provider Agreements will have a significant and immediate effect upon, among others, (i) those patients who are currently in the Debtors' facilities awaiting or recovering from treatment and who are relying on the Debtors' status as a Cigna in-network provider under their healthcare insurance plans, (ii) people covered under Cigna healthcare insurance plans who may be contemplating treatment at Debtors' facilities and have already received or are awaiting pre-authorization, and (iii) patients of private practice physicians in Cigna's healthcare services network who have privileges only at the Debtors' facilities. Additionally, rejection will disrupt certain area doctors, employer groups and insured persons. It is for these reasons that the Agreements require at least sixty (60) days' notice of any no-cause termination. Patients and providers must be given fair and adequate advance notice of Debtors' rejection of the Cigna Provider Agreements.

12. For the benefit of the Debtors' patients and physicians, and the community served by the Debtors' facilities, the Debtors must be required to provide irrevocable, written notice of any proposed rejection of the Cigna Provider Agreements no less than sixty (60) days prior to the Effective Date.

4

II.     Inadequate Provision of Cure

13.     As a condition precedent to the assumption of any of the Cigna Provider Agreements, the Debtors must pay the full amount due and unpaid thereunder on the Effective Date of the Plan. *See* 11 U.S.C. § 365(b)(1); *In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998) ("The cure of a default under an unexpired lease pursuant to 11 U.S.C. §365 is more akin to a condition precedent to the assumption of a contract obligation than it is to a claim in bankruptcy"). When a contract is assumed under section 365 of the Bankruptcy Code, the non-debtor third-party to that contract must be "made whole at the time of the debtor's assumption of the contract." *Id.* (emphasis added). Accordingly, any cure amount set with respect to the Cigna Provider Agreements must include all accrued and unpaid amounts due under the Cigna Provider Agreements as of the Effective Date. *See* 11 U.S.C. § 365(b)(1).

14.     Cigna objects to the Debtors' "presumed" cure amount of $0 as inadequate with respect to all of the Cigna Provider Agreements. Further, as indicated in the Proofs of Claim, amounts continue to accrue under the Cigna Provider Agreements post-petition and will continue to become due and owing under the Cigna Provider Agreements on and after the deadline to object to any Cure Notice. Therefore, no cure amounts can be fixed prior to the Effective Date. To satisfy their cure obligations under the Cigna Provider Agreements, and as a condition precedent to any assumption thereof, the Debtors must pay all amounts due and owing thereunder as of the Effective Date.

III.    Inadequate Disclosure of Projected Distribution

15.     As illustrated by the blanks in Article III thereof, the Disclosure Statement fails to inform creditors who hold unsecured claims of the projected value of those claims. Accordingly, the Disclosure Statement is deficient.

5

\* \* \* \* \*

16. As a result of these deficiencies, Cigna does not know how its claims or the Cigna Provider Agreements will be treated under the Plan. Thus, the information in the Disclosure Statement is inadequate for purposes of 11 U.S.C. § 1125(b), and the Disclosure Statement cannot be approved.

17. Cigna reserves all of its rights, claims, interests and remedies, including, without limitation: (a) the right to supplement this objection; (b) the right to file and to prosecute an objection to confirmation of any plan of reorganization or liquidation on any grounds; (c) the right to conduct discovery and present evidence relating to any of the foregoing; and (d) all of its rights and claims under the Agreements.

WHEREFORE, Cigna respectfully requests that this Court deny approval of the Disclosure Statement except as consistent with the foregoing, and grant Cigna such additional relief as this Court deems just and equitable.

Dated: September 12, 2017

CONNOLLY GALLAGHER LLP

Jeffrey C. Wisler (DE Bar No. 2795)
The Brandywine Building
1000 West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
Email: jwisler@connollygallagher.com

Counsel for Cigna Health and Life Insurance Company, Cigna HealthCare of South Carolina, Inc., Cigna HealthCare of Arizona, Inc., Cigna HealthCare of New Jersey, Inc., and Cigna HealthCare of Florida, Inc.

#05338641