UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
                                                      :
In re:                                                :        Chapter 11
                                                      :
21st CENTURY ONCOLOGY HOLDINGS, INC., *et al.*,[1] :    Case No. 17-22770 (RDD)
                                                      :
                        Debtors.                      :        (Jointly Administered)
                                                      :
-------------------------------------------------------------------------x

**ORDER GRANTING IN PART AND DENYING IN PART REORGANIZED DEBTORS'
MOTION (A) TO ENFORCE (i) THE TERMS OF THE STIPULATION AND AGREED
ORDER TO LIFT STAY AND (ii) THE INJUNCTIVE PROVISIONS OF THE
PLAN AND CONFIRMATION ORDER AND (B) BAR LAURA A. HUDSON,
INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF
TODD MICHAEL HUDSON FROM PROSECUTING AGAINST THE REORGANIZED
DEBTORS HER PUNITIVE DAMAGES CLAIM (INCLUDING PURSUING
DISCOVERY PERTAINING SOLELY TO SUCH CLAIM)**

Upon the *Reorganized Debtors' Motion to (A) Enforce (i) The Terms of the Stipulation and Agreed Order to Lift Stay and (ii) The Injunctive Provisions of the Plan and Confirmation Order and (B) Bar Laura A. Hudson, Individually and as Personal Representative of the Estate of Todd Michael Hudson From Prosecuting Against the Reorganized Debtors Her Punitive Damages Claim (Including Pursuing Discovery Pertaining Solely to Such Claim)* (the "**Motion**") [Docket No. 1230]; and there being due and sufficient notice of the Motion and the hearing thereon; and upon the *Objection to Motion filed by Norman L. Schroeder on behalf of Laura A. Hudson* [Docket No. 1241] and the *Reply to Response to Motion filed by Norman L Schroeder on behalf of Laura A. Hudson* [Docket No. 1245]; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and venue

---

[1] Each of the Reorganized Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth in the Order Directing Joint Administration of Chapter 11 Cases [Docket No. 30]. The location of 21st Century Oncology Holdings, Inc.'s corporate headquarters and the Reorganized Debtors' service address is: 2270 Colonial Boulevard, Fort Myers, Florida 33907.

being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the

hearing held by the Court on the Motion on November 16, 2018; and, after due deliberation and

for the reasons stated by the Court in its bench ruling at the hearing, the Court having determined

that the Motion should be granted to the extent set forth herein and otherwise denied, without

prejudice to the parties' rights with respect to the merits of the underlying claims but as the

treatment of the underlying claims is circumscribed by the Plan, the Confirmation Order and the

Stipulated Order (each as defined below); and good and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.       The Motion is granted in part and denied in part as set forth herein.

2.       Subject to the below, pursuant to the *Stipulation and Agreed Order to Lift the Stay*

endorsed by the Court on November 7, 2017 (the "**Stipulated Order**") [Docket No. 644],

Hudson may continue, at no cost to the Reorganized Debtors, to pursue punitive damages in the

Florida Action unless or until the Florida Court or subsequently any appellate court with

jurisdiction over the Florida Action finds that the punitive damages claim is not covered by the

Reorganized Debtors' insurance policy.

3.       To the extent that Travelers denies coverage for the punitive damages claim and

does not cover all of the Reorganized Debtors' costs, such costs shall be borne by Hudson.

4.        All discovery in connection with the punitive damages claims shall take into

account the limitations set forth in (i) the Stipulated Order, (ii) the *Joint Chapter 11 Plan of*

*Reorganization of 21st Century Oncology Holdings, Inc. and Its Debtor Affiliates Pursuant to*

*Chapter 11 of the Bankruptcy Code* [Docket No. 522] (the "**Plan**"), and (iii) the *Findings of*

*Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of Reorganization of*

*21st Century Oncology Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the*

*Bankruptcy Code* [Docket No. 915] (the "**Confirmation Order**"), all of which limit the

treatment of Hudson's claim in excess of the insurance policy limits to a general unsecured claim

and as otherwise proscribed therein, and such requests should be limited in scope and relevant

time periods taking into account the Petition Date of May 25, 2017 and the above-referenced

orders.

     5.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from

or related to the implementation of this Order.


Dated:  November 29, 2018            /s/Robert D. Drain
       White Plains, New York          THE HONORABLE ROBERT D. DRAIN
                                           UNITED STATES BANKRUPTCY JUDGE